UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

ARVIND GUPTA,

    Plaintiff,

v.

WIPRO LIMITED, et al.,

    Defendants.

Case No. 5:16-cv-05283-EJD

**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S ADMINISTRATIVE MOTION**

Re: Dkt. No. 45

On December 9, 2016, Plaintiff Arvind Gupta ("Plaintiff"), proceeding *pro se*, filed the instant "Administrative Motion for Extension of Time to File a Response in Opposition to Defendants' Motions for Sanctions/Pre-Filing Injunction and Administrative Motion for Leave to Conduct Limited Discovery and Deposition" (Dkt. No. 45). Defendants Wipro, Ltd. and Azim H. Premji (collectively, "Defendants") oppose the motion as to the request to conduct discovery, but not as to the extension of time. Based on a review of the action, the court orders as follows:

1. Plaintiff's unopposed request for a two month extension of time to file a response to Defendants' "Motion for Sanctions / Motion for Pre-Filing Injunction" is hereby GRANTED. Plaintiff shall submit his Opposition to Defendants' motions, if any, on or before **February 17, 2017.** Defendants shall file any Reply on or before **March 3, 2016**. The court declines to set a schedule for any additional unfiled motions at this time.

2. Plaintiff's Motion for Leave to Conduct Limited Discovery and Deposition is DENIED. Pursuant to Federal Rule of Civil Procedure 26 "a party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)," unless otherwise authorized by the Rules, stipulation of the parties, or court order. Fed. R. Civ. P. 26(d). A court may grant a request for early discovery prior to a Rule 26(f) conference where the requesting party demonstrates good cause. See Semitool, Inc. v. Tokyo Electorn Am., Inc., 208 F.R.D. 273, 276 (N.D.Cal. 2002). "Good cause may be found where the need for expedited discovery, in

1

Case No.: 5:16-cv-05283-EJD
ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S ADMIN MOTION

1  consideration of the administration of justice, outweighs the prejudice to the responding party." Id.

2  Here, as to the discovery request, Plaintiff contends that limited early discovery of his
3  employment records is necessary in order for him "to respond to Wipro and Premji's 'motion to
4  dismiss', and 'motion for sanctions / motion for pre filing injunction'" and would be "useful in
5  support of his claims." Pl. Admin. Mot. at 3.  Similarly, as to his request to conduct a deposition,
6  Plaintiff argues that Monica Rodriguez possess certain employment information that "is material
7  to Wipro and Premji's allegations in their motions and any response to be filed by Plaintiff."  Id. at
8  3-4.  However, the disposition of a motion to dismiss or a motion for sanctions is not based on
9  evidence obtained by way of discovery or deposition at this stage of proceedings.  Rather, a
10  motion to dismiss tests the sufficiency of the complaint *as pled* under Federal Rule of Civil
11  Procedure 12(b)(6).  Indeed, the court generally does not consider any material beyond the
12  pleadings for a Rule 12(b)(6) analysis.  Hal Roach Studios, Inc. v. Richard Feiner & Co., 896 F.2d
13  1542, 1555 n. 19 (9th Cir. 1990); Americopters, LLC v. FAA, 441 F.3d 726, 732 n.4 (9th Cir.
14  2006).  Exceptions to this rule include material submitted as part of the complaint or relied upon in
15  the complaint, and material subject to judicial notice.  Lee v. City of Los Angeles, 250 F.3d 668,
16  688-69 (9th Cir.2001).  And as to the motion for sanctions, nothing in the limited discovery sought
17  by Plaintiff here would be responsive to such a motion.

18  Plaintiff advances no other argument in support of his request.  Accordingly, Plaintiff fails
19  to demonstrate good cause for conducting early discovery in exception to the requirements of Rule
20  26.  See Chukwudebe v. Lu, No. C-13-5466 EMC, 2014 WL 46650, at *1 (N.D. Cal. 2014)
21  (denying the plaintiff's request for leave to conduct discovery on the grounds that doing would not
22  be useful to plaintiff in opposing the Rule 12(b) motion to dismiss).

23  **IT IS SO ORDERED.**

24  Dated: December 16, 2016

    EDWARD J. DAVILA
    United States District Judge

2
Case No.: 5:16-cv-05283-EJD
ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S ADMIN MOTION