UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ARVIND GUPTA,<br><br>   Plaintiff,<br><br> v.<br><br>WIPRO LIMITED, et al.,<br><br>   Defendants. | Case No. 5:16-cv-05283-EJD<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO RE-OPEN CASE AND FOR RULE 60 RELIEF; DENYING DEFENDANTS' MOTION FOR PRE-FILING INJUNCTION**<br><br>Re: Dkt. Nos. 74, 76, 85 |

Arvind Gupta ("Plaintiff"), who is representing himself, brought this action for alleged wage and hour violations under the Immigration and Nationality Act ("INA") against Wipro Limited, Azim Hashim Premji, and U.S. Secretary of Labor Thomas E. Perez (collectively, "Defendants"). On March 24, 2017, the court ordered this case transferred to the United States District Court for the District of New Jersey pursuant to 28 U.S.C. § 1404(a) ("Transfer Order"). Dkt. 59. The District Court of New Jersey subsequently dismissed Plaintiff's case. Plaintiff filed several appeals, both to the Ninth Circuit and to the Third Circuit. The appeals in the Ninth Circuit have been dismissed; the appeal in the Third Circuit remains pending.

Although the case is no longer pending before the undersigned judge, the parties have filed the following motions: (1) Plaintiff's motion to reopen the case and vacate the Transfer Order pursuant to Federal Rule of Civil Procedure 60(b)(1), (4) or (5) so that Plaintiff may continue litigating his case in this district (Dkt. 76); and (2) Defendants' Motion For Prefiling Injunction (Dkt. 74). Defendant Secretary of United States Department of Labor (the "Department") joins in the other Defendants' response to Plaintiff's motion, and takes no position on the motion for a pre-

CASE NO.: 5:16-CV-05283-EJD
ORDER DENYING PLAINTIFF'S MOTION TO RE-OPEN CASE AND FOR RULE 60
RELIEF; DENYING DEFENDANTS' MOTION FOR PRE-FILING INJUNCTION
1

filing injunction, even though the Department agrees that Plaintiff has become a vexatious and abusive litigant. Dkt. 85. The court finds it appropriate to take the motions under submission for decision without oral argument pursuant to Civil Local Rule 7-1(b).

**A. Plaintiff's Motion to Re-open Case and for Rule 60 Relief**

Plaintiff's motion is DENIED. The Transfer Order divests this court of jurisdiction. See Perlman v. Jackson Hewitt Inc., No. 10-51 LRS, 2010 WL 3532681, at *1 (E.D. Wash. Sept. 10, 2010). "The consensus in the Ninth Circuit Court of Appeals is that once transfer has been granted and the file docketed with the new district, the transferor court loses jurisdiction." Id. (citing NBS Imaging Systems, Inc. v. United States Dist. Ct. for the Eastern Dist. of Cal., 841 F.2d 297, 298 (9th Cir. 1998); Wilson v. City of San Jose, 111 F.3d 688, 692 (9th Cir. 1997); Lou v. Belzberg, 834 F.2d 730, 733 (9th Cir. 1987); and In re Donald, 328 B.R. 192, 197 (B.A.P. 9th Cir. 2005)). Here, the case was transferred and opened in the District Court of New Jersey on the same day. Dkt. 59, 61. Accordingly, this court does not have jurisdiction to entertain Plaintiff's motion.

Even if this court did have jurisdiction there is no basis to vacate the Transfer Order. Citing Rule 60(b)(1), Fed. R. Civ. P., Plaintiff argues that the transferee court, the District Court of New Jersey, determined it lacked jurisdiction over Plaintiff's "INA" claims, and therefore it was a "mistake" to transfer the case to that jurisdiction. Citing Rule 60(b)(4), Fed, R. Civ. P., Plaintiff similarly argues that because the District Court of New Jersey did not exercise jurisdiction over his INA claims, the Transfer Order is void. The arguments are baseless. The District Court of New Jersey properly exercised jurisdiction over Plaintiff's case and found that claim preclusion barred his claims. See Gupta v. Wipro Ltd. et al., No. 17-1954 FLW, 2017 WL 64022636, at *8 (D. New Jersey Dec. 15, 2017).

Lastly, Plaintiff seeks relief pursuant to Rule 60(b)(5), Fed. R. Civ. P., asserting that the Transfer Order is no longer "equitable." Rule 60(b)(5) permits a court to relieve a party from an order if "applying [the order] prospectively is no longer equitable." Fed. R. Civ. P. 60(b)(5).

CASE NO.: 5:16-CV-05283-EJD
ORDER DENYING PLAINTIFF'S MOTION TO RE-OPEN CASE AND FOR RULE 60 RELIEF; DENYING DEFENDANTS' MOTION FOR PRE-FILING INJUNCTION
2

Here, the Transfer Order took effect immediately and the transfer has been completed; there will be no prospective application of the Transfer Order. Therefore, Rule 60(b)(5) does not provide a basis for relief.

**B. Defendants' Motion For Pre-filing Injunction**

Defendants seek an order "(a) prohibiting Gupta from filing any further papers against Wipro and Mr. Premji (or any other related entities or individuals that Gupta may later attempt to sue) in this or any other federal court, and (b) providing that if Gupta should make any further filings, Wipro and Mr. Premji are not required to respond to such filings, absent an explicit directive from the applicable court to do so." Wipro has a similar motion for pre-filing injunction pending in the District Court of New Jersey, case No. 3:17-cv-01954 (FLW) (DEA), Dkt. No. 85, January 18, 2018.

Although the case is closed, this court retains the inherent power pursuant to the All Writs Act, 28 U.S.C. § 1651, to enter pre-filing orders against vexatious litigants. See e.g. Bank of New York Mellon v. Brewer, No. C-12-03179 RMW, 2012 WL 3904342, at *2 n.2 (N.D. Cal. Sept. 7, 2012) (citing Molski v. Evergreen Dynasty Corp., 500 F.3d 1047, 1057 (9th Cir. 2007); Weissman v. Quail Lodge, Inc., 179 F.3d 1194, 1197 (9th Cir. 1999); De Long v. Hennessey, 912 F.2d 1144, 1147–1148 (9th Cir. 1990) and Moy v. United States, 906 F.2d 467 (9th Cir. 1990)). In making a finding that a party is a vexatious litigant, the court must: "(1) assure that the litigant be given notice and the opportunity to be heard, (2) make an adequate record listing the filings which support the order, and (3) make substantive findings that the party's filings are frivolous or harassing." Bank of New York Mellon v. Brewer, 2012 WL 3904342, at *3. The resulting order must also be "narrowly tailored to closely fit the specific vice encountered." Id. (quoting DeLong, 912 F.2d at 1148).

Plaintiff has been involved in extensive litigation in various forums. The litigation in the Northern District of California has been minimal relative to that in the District of New Jersey. Here, the court transferred Plaintiff's two federal actions and did not issue any orders on

CASE NO.: 5:16-CV-05283-EJD
ORDER DENYING PLAINTIFF'S MOTION TO RE-OPEN CASE AND FOR RULE 60 RELIEF; DENYING DEFENDANTS' MOTION FOR PRE-FILING INJUNCTION

3

dispositive motions. The District Court of New Jersey granted Defendants' and the Department's motions for summary judgment in the first filed case, and dismissed the second case as barred by the doctrine of claim preclusion. Because the District Court of New Jersey is relatively more familiar with Plaintiff's litigation history and the substance of his claims, it is preferable to have the Defendants' motion for pre-filing injunction be decided by the District Court of New Jersey, rather than this court. Defendants' motion for a pre-filing injunction is DENIED.

The Clerk shall close the file. The court will not accept any further filings by Plaintiff in this closed case.

**IT IS SO ORDERED.**

Dated: June 11, 2018

_____
EDWARD J. DAVILA
United States District Judge